BELL ATLANTIC CORPORATION,
et al.,

v.

Thomas E. BOLGER, et al.

Civ. A. No. 91–3675.

United States District Court,
E.D. Pennsylvania.

Sept. 3, 1991.

James R. Malone, Jr., C. Oliver Burt, Greenfield & Chimicles, Haverford, Pa., for plaintiffs.

Robert C. Heim, Dechert Price & Rhoads, Philadelphia, Pa., for defendants.

MEMORANDUM

KATZ, District Judge.

Presently before the Court is Plaintiffs' Motion For Partial Summary Judgment as to Count I of their Complaint pursuant to Federal Rule of Civil Procedure 56(c). Count I alleges that the Individual Defendants violated Section 14(a) of the Exchange Act and Rule 14a–9 promulgated thereunder by not disclosing in Bell Atlantic's 1991 Proxy Statement that four of the Individual Defendants seeking re-election to Bell Atlantic's Board of Directors were named as defendants in a shareholders' derivative suit alleging corporate mismanagement (the "Lazar action"). In order to succeed in their Motion, plaintiffs must show that this information was material as a matter of law and its disclosure was therefore required by Regulation S–K. Because I find that plaintiffs have not so shown, their Motion will be denied.

FACTUAL BACKGROUND

Plaintiffs commenced this shareholders' class and derivative suit on June 11, 1991 on behalf of nominal defendant Bell Atlantic Corporation ("Bell") and Bell shareholders against Bell and individual officers and directors of Bell.

Plaintiffs maintain that Bell's 1991 Proxy Statement should have disclosed the Lazar action then pending in the Court of Common Pleas of Philadelphia County, April Term, 1990, No. 2121, against Bell and various of its officers and directors. That derivative action was brought by a Bell shareholder. The complaint followed press reports that Bell and a subsidiary had been suspended from receiving federal contracts pending completion of an investigation into allegations that employees of the subsidiary had made misrepresentations in a bid for a contract to modernize the Treasury Department's telephone system. An amended complaint filed in the Lazar action claimed that four inside directors of Bell had breached their fiduciary duty by failing to implement effective safeguards and corrective action to prevent the alleged misrepresentations in regard to the Treasury Department contract bid as well as improp-

er sales practices engaged in by employees of another Bell subsidiary.

In response to the Lazar action, press reports regarding the investigation regarding the Treasury Department misrepresentations, and letters from plaintiffs' counsel in this action demanding that the Bell Board of Directors ("Bell Board") take action in regard to these matters, the Bell Board convened a Special Committee consisting entirely of outside directors to investigate the matter. Following a five-month investigation, the Special Committee presented its findings to the Bell Board. The Bell Board decided not to initiate any litigation in connection with either the improper sales practices case or the suspension resulting from the Treasury Department investigation. The 1991 Proxy Statement was sent to Bell's shareholders four months after the Bell Board reached this decision.

## STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted when, "after considering the record evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340–41 (3d Cir.1990). For a dispute to be "genuine," the evidence must be such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To establish a genuine issue of material fact, the non-moving party must introduce evidence beyond the mere pleadings to create an issue of material fact on "an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The burden of demonstrating the absence of genuine issues of material fact is initially on the moving party regardless of which party would have the burden of persuasion at trial. *First Nat'l Bank of Pennsylvania v. Lincoln Nat'l Life Ins.*, 824 F.2d 277, 280 (3d Cir.1987). Following such a showing, the non-moving party must present evidence through affidavits or depositions and admissions on file which comprise a showing sufficient to establish the existence of every element essential to that party's case. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552.

## DISCUSSION

Instruction 4 to Item 103, 17 C.F.R. § 229.103, requires the disclosure of the following information:

4. Any material proceedings to which any director, officer or affiliate of the registrant, any owner of record or beneficially of more than five percent of any class of voting securities of the registrant, or any associate of any such director, officer, affiliate of the registrant, or security holder is a party adverse to the registrant or any of its subsidiaries or has a material interest adverse to the registrant or any of its subsidiaries also shall be described.

The issue before the Court is therefore whether the pending Lazar action was a material proceeding for the purposes of the proxy rules.

The Supreme Court has set forth the following guidelines in regard to the issue of materiality in the context of a summary judgment motion:

The issue of materiality may be characterized as a mixed question of law and fact, involving as it does the application of a legal standard to a particular set of facts. In considering whether summary judgment on the issue is appropriate, we must bear in mind that the underlying objective facts, which will often be free from dispute, are merely the starting point for the ultimate determination of materiality. The determination requires delicate assessments of the inferences a "reasonable shareholder" would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact. Only if the established omissions are "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality"

is the ultimate issue of materiality appropriately resolved "as a matter of law" by summary judgment.

*TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976) (citations and footnotes omitted).

Based on the record currently before this court, I am unable to determine as a matter of law that the omission of the Lazar action in the 1991 Bell Proxy Statement is "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality."

Plaintiffs' Motion For Partial Summary Judgment will therefore be denied.